IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHNATHAN DIAL                                                                                     PETITIONER

v.                                            Case No. 6:24-cv-06007

JARED BYERS, Superintendent                                                                        RESPONDENT

**ORDER**

  Before the Court is the Report and Recommendation ("R&R") filed February 5, 2024, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 4). Petitioner has responded. (ECF No. 5). The Court finds the matter ripe for consideration.

## I.  BACKGROUND

  On January 17, 2023, Petitioner Johnathan Dial ("Petitioner") was convicted in state court, pursuant to a guilty plea, of distributing, possessing, or viewing of matter depicting sexually explicit conduct involving a child, in violation of Arkansas Code Annotated § 5-27-602. (ECF No. 4, at 1). Petitioner filed a Notice of Appeal on February 21, 2023. (ECF No. 4, at 1). Petitioner's appeal was then dismissed on December 6, 2023, and that dismissal was formally filed on December 11, 2023. (ECF No. 4, at 2). On January 12, 2024, Petitioner filed a Rule 37 Petition in his state criminal case. (ECF No. 4, at 2). On January 26, 2024, Petitioner filed in this Court the instant *Habeas Corpus* Petition followed by a Motion for Stay and Abeyance. (ECF No. 4, at 2). Then, on January 29, 2024, Petitioner filed a motion for *Habeas Corpus* relief in Hot Spring County, Circuit Court. (ECF No. 4, at 2).

On February 5, 2024, Judge Bryant issued the instant R&R. (ECF No. 4). Judge Bryant determined that Petitioner had not fully exhausted his state remedies. (ECF No. 4, at 2). Judge Bryant notes that Petitioner has two petitions pending in state courts and emphasizes that he has admitted to not fully exhausting all his available state remedies. (ECF No. 4, at 2). Judge Bryant recommends that Petitioner's Motion for Stay and Abeyance be denied and that Petitioner's *Habeas Corpus* Petition under 28 U.S.C. § 2254 be dismissed without prejudice for failure to exhaust state court remedies. (ECF No. 4, at 2).

On February 23, 2024, Petitioner filed an Objection to Judge Bryant's R&R. (ECF No. 5). In the objection, Petitioner raises one primary argument with the R&R—that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")'s one-year statute of limitation period would expire before he is able to fully exhaust all state court remedies. (ECF No. 6, at 2). Petitioner states that if he is unable to fully exhaust before the one-year period, he will be unable to bring forward a fully exhausted petition for *Habeas Corpus*. (ECF No. 6, at 2). Petitioner argues that due to the language of 28 U.S.C. § 2244, the triggering date for the statute of limitations could be several different dates. (ECF No 6, at 3). Petitioner argues that the statute of limitations was tolled during his appeal to the Arkansas Court of Appeals. (ECF No. 6, at 3). Petitioner states that under Arkansas law, direct appeals are precluded when there is a guilty plea. (ECF No. 6, at 1). Thus, Petitioner argues while he was procedurally barred from direct appeal, the statute of limitations was tolled during the pendency of the "properly filed" direct appeal. (ECF No. 6, at 3). Petitioner then argues that because he was unsure the Court would agree with this analysis, he moved for the stay and abeyance due to the difficulty of filing documents with the Court while in prison. (ECF No. 6, at 4-5). Petitioner then states that

depending on how the statute of limitations was construed, he could only have up to seven days to file another federal petition from the time of state court exhaustion. (ECF No. 6, at 4).

## II.  STANDARD OF REVIEW

"The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition." *Bramlett v. Wellpath, LLC*, No. 6:19-cv-6070, 2020 WL 4748049, at *1 (W.D. Ark. Aug. 17, 2020). After reviewing a magistrate judge's report and recommendations under the appropriate standard of review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). "The Court applies a liberal construction when determining whether *pro se* objections are specific." *Raper v. Maxwell*, No. 4:21-cv-4067, 2022 WL 1978690, at *1 (W.D. Ark. June 6, 2022) (citation omitted). If the prisoner "files timely and specific objections" to the magistrate's report and recommendations, then "the district court makes 'a de novo determination of those portions of the report or specified findings or recommendations to which objection is made.'" *Branch v. Martin*, 886 F.2d 1043, 1045 (8th Cir. 1989) (citation omitted). "When conducting de novo review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Id.* at 1046. Alternatively, if the Plaintiff does not timely and specifically object to the report and recommendation, the Court reviews that report and recommendation for clear error. *See Raper*, 2022 WL 1978690, at *2; *see also Thornton v. Walker*, No. 4:22-cv-4114, 2023 WL 3063381, at *1 (W.D. Ark. Apr. 24,

3

2023) (applying a clear-error standard where Plaintiff's objections did not "specifically address any aspect of [the magistrate judge's] analysis or reasoning"); *Engledow v. Comm'r of Soc. Sec.*, No. 20-cv-4, 2021 WL 916925, at *3 (N.D. Iowa Mar. 10, 2021) (explaining that de novo review is appropriate where objections are not "more than . . . conclusory" and are not "accompanied by legal authority and argument in support" (citations omitted)).  Here, Petitioner's objections are specific enough to trigger *de novo* review.

### III.  DISCUSSION

The Court first considers Petitioner's Motion for Writ of *Habeas Corpus* and then Petitioner's Motion for Stay and Abeyance.  Upon consideration, the Court agrees with Judge Bryant that Petitioner's Motion for Writ of *Habeas Corpus* should be dismissed without prejudice and the Motion for Stay and Abeyance should be denied.  It appears to the Court, however, that Petitioner's procedurally barred appeal tolled the statute of limitations under the AEDPA.

   a. **Petitioner's Motion for Writ of *Habeas Corpus***

Under 28 U.S.C. § 2252(b), *Habeas Corpus* cannot be granted unless "(A) the applicant has exhausted the remedies available in the courts of the state; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  Petitioner clearly has not exhausted all his state court remedies.  Petitioner admits as much in his petition that he has multiple state court petitions pending.  Petitioner makes no arguments that there is an absence of corrective processes for him to use.  Neither does he provide any circumstances that would render the process ineffective to protect his rights.  In his objection, Petitioner raises no additional arguments that would change this analysis other than his concern he would be blocked from bringing a Writ of *Habeas Corpus*

motion later due to the statute of limitations. Accordingly, Petitioner's petition for *Habeas Corpus* filed with this Court is not properly brought and should be dismissed.

### b. Petitioner's Motion for Stay and Abeyance

Petitioner moves the Court for a stay and abeyance while he exhausts his state court remedies. The Court will deny this motion as Petitioner does not provide sufficient reasoning to support this motion. A "stay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 217, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). In analyzing the appropriateness of a stay and abeyance, a district court should look to see "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278, 125 S. Ct. 1528. Petitioner's main reason for petitioning for *Habeas Corpus* and filing this motion was his concern that AEDPA's one-year statute of limitations would expire before he had a chance to file a fully exhausted habeas petition. Petitioner provides the standard for a stay and abeyance in his motion and notes that he was delayed due to Arkansas law preventing collateral appeals until his direct appeal to the Arkansas Court of Appeals was no longer pending. Petitioner, however, makes no showing that his claims are potentially meritorious. Petitioner provides no additional reasoning in his objection other than repeating that he would have limited time to file another *Habeas Corpus* petition if his current one was dismissed. Accordingly, Petitioner's Motion for Stay and Abeyance is denied.

### c. The Statue of Limitations under the AEDPA

The Court will now look at the statute of limitations under AEDPA. Plaintiff argues that his appeal to the Arkansas Court of Appeals was properly filed, even if procedurally barred, and

5

should toll the statute of limitations under the AEDPA. The AEDPA under 28 U.S.C. § 2252(b)(1) provides that a

> "(b)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
> "(A) [T]he date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"

This statute of limitations can be tolled in several ways, most namely the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection." 28 U.S.C. § 2252(b)(2). "An application is properly filed when delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 364, 148 L. Ed. 2d 213 (2000). Whether "an application has been 'properly filed' is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar." *Id*. at 8, 121 S. Ct. at 363.

Petitioner's appeal to the Arkansas Court of Appeals was dismissed on December 6, 2023, with the dismissal being formally filed on December 11, 2023. Petitioner pled guilty to his charges and thus his appeal was procedurally barred under Arkansas law, which provides "there shall be no appeal from a plea of guilty or nolo contendere." Ark. R. App. P. Crim. 1(a). Petitioner, however, properly filed his appeal on February 21, 2023, even though it was procedurally barred under Arkansas law. Accordingly, it appears to the Court that Petitioner should have sufficient time to file another *habeas corpus* petition after his administrative remedies are fully exhausted.

## IV.  CONCLUSION

Upon *de novo* review and for the foregoing reasons, the Court adopts Judge Bryant's Report and Recommendation *in toto*.

The Court finds that Petitioner's Motion for Stay and Abeyance (ECF No. 2) should be and hereby is **DENIED**.

The Court further finds that Petitioner's Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2254 (ECF No. 1) should be and hereby is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 27th day of September, 2024.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge